JUDGE CHIN

08 CV 3539

136-08/JFK/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
MEDITERRANEAN MARITIME
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
John F. Karpousis (JK 3020)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MEDITERRANEAN MARITIME,                         08 CIV. _____ ( )

                Plaintiff,                    **VERIFIED COMPLAINT**

   -against-

ILYICHEVSK SHIPREPAIR YARD and
WALVISBAIT, LTD.,

                Defendants.
------------------------------------------------------------x

Plaintiff MEDITERRANEAN MARITIME ("MEDITERRANEAN"), by its attorneys FREEHILL HOGAN & MAHAR, LLP, as and for its Verified Complaint against Defendants, ILYICHEVSK SHIPREPAIR YARD ("ISY"), and WALVISBAIT, LTD. ("WALVISBAIT"), alleges upon information and belief as follows:

**JURISDICTION**

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

## THE PARTIES

2. At all times relevant hereto, MEDITERRANEAN was and still is a foreign business entity organized and existing under the laws of a foreign country, with a registered office and place of business at in Greece. MEDITERRANEAN was manager of the M/V Vessel MED LEGEND at all relevant times.

3. At all times relevant hereto, ISY was and still is a business in Odessa, Ukraine. Walvisbait is a company incorporated in Gibraltar.

## THE NATURE OF THE CLAIMS

4. On or about June 3, 2005, MEDITERRANEAN, as manager of the M/V MED LEGEND, entered into a maritime contract with ISY for the repair and refurbishment of the vessel, MED LEGEND. At a later stage, a further contract with WALVISBAIT of a similar nature was signed and a third contract was entered into between ISY and MEDITERRANEAN dated August 11, 2005.

5. The ship repair contracts between MEDITERRANEAN and ISY and WALVISBAT contemplated repairs to the MED LEGEND to be completed within twenty-three (23) days, including repairs to certain exhaust gas economizers. The Vessel's charterers were made aware of the proposed repairs and the Vessel was going to be off hire from the periods in question.

6. On June 9, 2005, ISY advised MEDITERRANEAN'S superintendent that it was possible that the repairs would require longer than the agreed contractual duration of twenty-three (23) days. MEDITERRANEAN'S superintendent agreed verbally to an increased duration of thirty-one (31) days, excluding national holidays.

7.  MEDITERRANEAN duly tendered the M/V MED LEGEND under the agreement to ISY on June 9th. However, ISY did not confirm the Vessel's acceptance on arrival. ISY reneged on these terms, and others as well, with respect to the contract price and duration..

## A. CLAIM AGAINST DEFENDANT ISY BASED ON ENFORCEMENT OF LONDON ARBITRAL AWARDS

8.  Pursuant to the terms of the ship repair contract, all disputes are subject to London arbitration, with English law to apply. MEDITERRANEAN specifically reserves its right to arbitrate the merits of its dispute with Defendants.

9.  MEDITERRANEAN commenced arbitration proceedings against Defendants in London on or about September 7, 2005.

10. Defendants, in breach of the repairs contracts and the Arbitration Agreement contained therein, commenced arbitration proceedings in the Ukraine. Plaintiff then applied to the English High Court to appoint an arbitrator on ISY's behalf in default of ISY's appointment. After initially indicating they would challenge the Court's jurisdiction, Defendants entered into a Consent Order, dated January 30, 2006, accepting London Arbitration and the appointment of a sole arbitrator to adjudicate the parties' disputes. (See Exhibit A annexed hereto). The English High Court ordered Defendants to £7,000 "in full and final settlement of the [Plaintiff]s cost of all Application before the Court in 14 days."

11. Defendant ISY, however, commenced arbitration proceeding with the Maritime Arbitration Commission at the Ukrainian Chamber of Commerce ("the MAC") while exchanging submissions with Plaintiff in London arbitration. In those submissions, Defendant ISY, despite the Consent Order, continued maintaining its challenge to jurisdiction to the arbitrator. As a result, the London arbitrator decided to first adjudicate ISY's jurisdictional challenge.

12.     The jurisdictional challenge was decided in Plaintiff's favor, as reflected in a Final Arbitration Award, dated March 13, 2007 ("First Award"), issued by the arbitrator. (See Exhibit B annexed hereto). The First Award provided for damages running in plaintiff's favor stemming from defendant's breach of the arbitration agreement and included reasonable legal costs incurred or to be incurred.

13.     Despite the First Award, ISY, in further breach of its maritime contracts with plaintiff, continued its illegal arbitration with the MAC and failed to pay the costs of the First Award. Plaintiff therefore requested a ruling from the arbitrator on these issues. On July 11, 2007, the arbitrator issued a Second Arbitration Award ("Second Award"). (See Exhibit C annexed hereto).

14.     The Second Award directed Defendant ISY to pay the sum of Euro 42,222.70 ($66,469.41 at the exchange rate of 1 Euro = 1.57426 USD), reflecting the Ukrainian attorneys' fees incurred by Plaintiff, plus interest at the rate of 5.75% per annum, compounded quarterly from April 27, 2007 until the date of payment.

15.     The Second Award also directed Defendant ISY to pay the sum of £23,722.96 ($46,762.08 at the exchange rate of 1 GBP = 1.97117 USD), reflecting English solicitors' fees incurred by the Plaintiff, plus interest at the rate of 7.75% per annum, compounded quarterly from April 27, 2007 until the date of payment.

16.     Despite due demand and in breach of the Second Award, ISY failed to pay all amounts due and outstanding to Plaintiff.

17.     Interest on the amounts awarded (see paragraphs 14 and 15 above) for English solicitors' and Ukrainian attorneys' fees amounts to £1,785.99 ($3,520.89) and Euro 2,140.45 ($3,369.83), respectively. There is also interest on the amount of £7,000 ($13,785.80) ordered

by the Court on January 30, 2006, as per paragraph 10 above, which amounts to $2,620.82 based on a rate of 8% compounded quarterly.

**B. CLAIMS AGAINST DEFENDANTS ISY AND WALVISBAIT FOR BREACHES OF THE SHIP REPAIR CONTRACTS CURENTLY BEING ARBITRATED IN LONDON**

18. Pursuant to the terms of the parties' maritime contracts, Defendants ISY and WALVISBAIT were required to perform repairs on MED LEGEND on timely and workmanlike fashion. Defendants, however, violated the ship repair contracts they executed with MEDITERRANEAN.

19. As a result of Defendants' contractual breaches, MEDITERRANEAN has suffered damages as follows: (a) loss of hire at a daily hire rate of $10,000 for 36 days (less commission) in the sum of $346,000; (b) deficient repairs in the sum of $37,614.00; (c) restitution in the sum of $51,300.00.

20. In addition, on September 23, 2005, Defendants unlawfully arrested the MED LEGEND in Antwerp, Belgium. As a result of this arrest, MEDITERRANEAN sustained the following damages: (a) loss of hire from the date of the vessel's arrest to its release in the sum of $11,630.56; and (b) costs incurred in effecting the vessel's release in the sums of Euro 17,601.84 ($27,845.07 Belgian attorneys' fees incurred in effecting the vessel's release) plus $2,561.62 (bank charges).

## RULE B ATTACHMENT

21. This action is brought to obtain jurisdiction over Defendants and to obtain security in favor of MEDITERRANEAN in respect to its breach of contract claims against Defendants, currently being arbitrated in London, as well as security for the enforcement of the First Award and Second Awards, pursuant to the New York Convention including but not

limited to interest, MEDITERRANEAN's attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiffs' main claim under English law.

22. After investigation, Defendants ISY and WALVISBAT cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

23. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by MEDITERRANEAN against ISY and WALVISBAT includes:

(a) MEDITERRANEAN's claim against Defendant ISY based on

- the English High Court Award of £7,000 ($13,785.90), plus interest ($2,620.82) totaling $16,406.72,

- the First and Second Awards, or alternatively, the English High Court Judgment, representing Ukrainian Solicitor fees in the sum of Euro 42,222.70 ($66,469.41), plus interest ($3,369.83), totaling $69,839.24

- the First and Second Awards, or alternatively, the English High Court Judgment, representing English Solicitor fees in the sum of £23,722.96 ($46,762.08), plus interest ($3,520.89), totaling $50,282.97

Totaling: **$136,528.93**

(b) MEDITERRANEAN's claim against Defendants for loss of hire in the sum of **$346,000**;

(c) MEDITERRANEAN's claim against Defendants for deficient repairs in the sum of **$37,614**;

(d) MEDITERRANEAN's claim against Defendants for restitution damages in the sum of **$51,300**;

(e) MEDITERRANEAN's claim against Defendants for wrongful arrest damages in the sum of **$39,475.63**.

(f) I nterest in the amount of **$176,845.44**, calculated on the above sums (b) through (e) or ($474,389), at the rate of 8% per annum, compounded quarterly, for four years, the estimated time it will take to obtain a final arbitration award according to the advice of English solicitors, which interest is recoverable under English law; and

(g) Legal fees, arbitrator's fees and costs that will be incurred by Plaintiff in respect to the London arbitration currently under way against the Defendants which are recoverable pursuant to English law and are estimated to be by English solicitors in the sum of **$120,000**.

24. Based upon the foregoing, the total amount MEDITERRANEAN seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims is ***$907,764.00 against Defendant ISY and $771,235.07 against Defendant WALVISBAIT***

W H E R E F O R E, Plaintiff MEDITERRANEAN prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants ISY and WALVISBAIT, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal

amount of the claims as stated in paragraph 27 of the Complaint, supra, plus interest, costs and attorneys' fees;

b. That if the Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants as described herein, up to and including the individual sums identified in Paragraph 26 above, be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendants at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That the Court enter an order directing Defendants to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff has such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
April 11, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
MEDITERRANEAN MARITIME,

By: _____
John F. Karpousis (JK 3020)
Manuel A. Molina (MM 1017)
80 Pine Street
New York, NY  10005

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

John F. Karpousis, being duly sworn, deposes and says:

1. I am an attorney with the law firm of FREEHILL HOGAN & MAHAR, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
John F. Karpousis

Sworn to before me this
11th day of April, 2008

_____
NOTARY PUBLIC