Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANTS
ILYICHEVSK SHIPREPAIR YARD and WALVISBAIT, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN MARITIME,<br><br>Plaintiff,<br><br>-against-<br><br>ILYICHEVSK SHIPREPAIR YARD and WALVISBAIT, LTD.<br><br>Defendants. | 08 Civ. 3539 (DC)<br><br>**VERIFIED ANSWER** |

NOW COME Defendants, Ilyichevsk Shiprepair Yard ("ISY") and Walvisbait, Ltd. ("Walvisbait") (collectively, "Defendants"), by and through their attorneys, Holland & Knight LLP, answering the Verified Complaint of Plaintiff Mediterranean Maritime ("Mediterranean" or "Plaintiff"), and respectfully alleges as follows:

1. Admit the allegations set forth in paragraph "1" of the Verified Complaint.

2. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Verified Complaint.

3. Admit the allegations set forth in paragraph "3" of the Verified Complaint.

4.  Admit that Mediterranean entered into repair contracts for the MED LEGEND with ISY and Walvisbait, but deny the remainder of Plaintiff's allegations set forth in paragraph "4" of the Verified Complaint.

5.  Admit that there were contractual documents that governed the repairs to be performed to the MED LEGEND, but deny the remainder of Plaintiff's allegations set forth in paragraph "5" of the Verified Complaint.

6.  Admit that extensions of time for the repairs to the MED LEGEND were agreed based on an increased scope of work requested by Mediterranean, but deny the remainder of the allegations set forth in paragraph "6" of the Verified Complaint.

7.  Admit that the MED LEGEND was tendered to ISY for the repairs, but deny the remainder of the allegations set forth in paragraph "7" of the Verified Complaint.

8.  Admit that the ship repair contract calls for either London arbitration or Ukrainian arbitration, but deny the remainder of the allegations set forth in paragraph "8" of the Verified Complaint.

9.  Admit the allegations set forth in paragraph "9" of the Verified Complaint.

10. Admit that ISY demanded Ukrainian arbitration and that a dispute ensued concerning the arbitration venues and that the English High Court order speaks for itself, but deny the remainder of the allegations set forth in paragraph "10" of the Verified Complaint.

11. Admit the allegations set forth in paragraph "11" of the Verified Complaint.

12. Admit that the London arbitrator issued an award dated March 13, 2007 and that it speaks for itself, but deny the remainder of the allegations set forth in paragraph "12" of the Verified Complaint.

13. Admit that ISY maintained the Ukrainian arbitration and that the London arbitrator issued an award dated July 11, 2007 and that it speaks for itself, but deny the remainder of the allegations set forth in paragraph "13" of the Verified Complaint.

14. Admit that the London arbitrator issued an award dated July 11, 2007 and that it speaks for itself, but deny the remainder of the allegations set forth in paragraph "14" of the Verified Complaint.

15. Admit that the London arbitrator issued an award dated July 11, 2007 and that it speaks for itself, but deny the remainder of the allegations set forth in paragraph "15" of the Verified Complaint.

16. Admit that ISY has not paid Mediterranean, but deny the remainder of the allegations set forth in paragraph "16" of the Verified Complaint.

17. Deny the allegations set forth in paragraph "17" of the Verified Complaint.

18. Deny the allegations set forth in paragraph "18" of the Verified Complaint.

19. Deny the allegations set forth in paragraph "19" of the Verified Complaint.

20. Admit that Defendants arrested the MED LEGEND in Antwerp, Belgium for amounts remaining unpaid under their repair contracts and that the legitimacy of such arrest was challenged unsuccessfully by Mediterranean, but deny the remainder of the allegations set forth in paragraph "20" of the Verified Complaint.

21. Deny the allegations set forth in paragraph "21" of the Verified Complaint as legal conclusions.

22. Admits that garnishee banks in this District have attached monies in connection with this action, but denies the remainder of the allegations set forth in paragraph "22" of the Verified Complaint.

Case 1:08-cv-03539-DC    Document 7    Filed 06/02/2008    Page 4 of 6

23. Deny the alegations set forth in paragraph "23" of the Verified Complaint.

24. Deny Mediterranean's right to attach the amounts alleged as set forth in paragraph "24" of the Verified Complaint.

### FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANTS STATE:

25. The Verified Complaint fails to state a cause of action upon which relief may be granted.

26. Defendants are not liable to Mediterranean on the causes of action alleged in the Verified Complaint.

27. This Courts lacks *in personam* jurisdiction over Defendants.

28. This Court lacks *quasi in rem* jurisdiction over Defendants.

29. Mediterranean has improperly and/or insufficiently served process on Defendants.

30. Mediterranean's claims are barred by the equitable doctrine of unclean hands.

31. Mediterranean is guilty of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

32. Mediterranean's claims are overstated in the level of security sought from and provided by Defendants and should be reduced to a reasonable sum.

33. Mediterranean has failed to mitigate its damages.

34. This Verified Answer is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Ilyichevsk Shiprepair Yard and Walvisbait, Ltd. respectfully request that this Court dismiss the Plaintiff's Verified Complaint against the Defendants with prejudice and grant Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 2, 2008

                                        HOLLAND & KNIGHT LLP

                                        By: _____
                                              Michael J. Frevola
                                              Christopher R. Nolan
                                              HOLLAND & KNIGHT LLP
                                              195 Broadway
                                              New York, New York 10007
                                              (212) 513-3200

                                              *Attorneys for Defendants*

TO:    Freehill, Hogan & Mahar, LLP
        John F. Karpousis, Esq.
        Manuel A. Molina, Esq.
        80 Pine Street
        New York, New York 10005
        *Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK    )
                     :ss.:
COUNTY OF NEW YORK   )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for Ilyichevsk Shiprepair Yard and Walvisbait, Ltd. ("Defendants"), defendants in the foregoing action. I have read the foregoing Verified Answer and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Defendants and corresponded with Defendants' representatives regarding this matter. I am authorized by Defendants to make this verification, and the reason for my making it as opposed to officers or directors of Defendants is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola

Sworn to before me this
2nd day of June, 2008

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# 5373453_v1